UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY GODFREY, <br> JP MORGAN CHASE BANK, N.A., <br> CHASE BANK USA, N.A., and <br> CURTIS GODFREY, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF NEW YORK MELLON as trustee for the certificate of holders of CWMBS, Inc., the alternative loan trust 2003-22CB mortgage pass-through certificates, series 2003-59, f/k/a BANK OF NEW YORK, <br><br> Defendant. | Case No. 1:15-cv-00138-JMS-TAB |

**Entry Discussing Complaint, Dismissing Plaintiffs,
and Directing Plaintiff to Show Cause**

**I. Background**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted to the extent** that the motion is filed on behalf of Curtis Godfrey. As explained further below, Mr. Curtis Godfrey is the only proper plaintiff, and no other purported plaintiff has sought permission to proceed *in forma pauperis*.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

## II. Discussion

### A. Non-Attorney Plaintiff

The first matter presented by the complaint is the fact that it is only signed by Curtis Godfrey. Curtis Godfrey does not allege that he is an attorney, and a non-attorney may not represent others in district court. *See Georgakis v. Illinois State University,* 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("[I]t is clear than an individual may appear in the federal courts only *pro se* or through counsel."); *Bronk v. Utschig,* No. 12-cv-832-WMC, 2012 WL 6586485 (W.D.Wis. Dec. 17, 2012) ("The right to litigate *pro se* is personal to each individual and does not grant authority to prosecute an action in federal court on behalf of others. In other words, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer in federal court."); 28 U.S.C. § 1654.

Accordingly, any claims thought to be asserted by **Anthony Godfrey, N.A. Chase Bank USA, and JP Morgan Chase Bank, N.A.** are **dismissed** and **Anthony Godfrey, N.A. Chase Bank USA, and JP Morgan Chase Bank, N.A.** shall be **terminated as plaintiffs on the docket**.

### B. Allegations

Mr. Godfrey brings this civil rights action pursuant to 42 U.S.C. § 1983. Mr. Godfrey alleges that the defendant Bank of New York Mellon violated his rights protected by the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. He also lists a string of other federal statutes in an effort to allege jurisdiction. Dkt. 1, Complaint, pp. 2-3.

The complaint alleges that a letter was delivered to 3127 E. 38th Street, Indianapolis, Indiana ("the Property") days before a sheriff foreclosure sale that was scheduled on August 11,

2014. Curtis Godfrey, as the "tenant in common," opened the letter. The letter was his first notice of a foreclosure and sheriff sale. It was discovered that a default had been entered in Marion County Superior Court #11 on August 5, 2013, which granted a decree of foreclosure and appointment of an auctioneer for the Property.

The complaint alleges in the prayer for relief that the Property was not called for sale according to the bank minimum bid that was posted at the auction site. It further alleges that Curtis Godfrey had a bank loan prior approval and buyer for the sale and had intended to purchase the Property at the location provided on the notice regarding the sheriff sale August 11, 2014.

Curtis Godfrey requests that this Court vacate the foreclosure sale as an unjust action, void all sales, and allow him to purchase the Property as he had intended at the sheriff sale.

### C. Discussion

The first issue to resolve is whether this Court has subject matter jurisdiction over this matter. As noted, the relief sought is to vacate the state court foreclosure judgment and to void any sale of the Property.

The *Rooker-Feldman* doctrine "prevents lower federal courts from reviewing state-court judgments …." *Crawford v. Countrywide Home Loans, Inc.,* 647 F.3d 642, 645 (7th Cir. 2011). The *Rooker-Feldman* doctrine applies "to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (internal quotation omitted). "In applying the *Rooker-Feldman* doctrine, the immediate inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Id.* at 646 (internal quotation omitted); *see also Taylor v. Federal Nat. Mortg. Ass'n,* 374 F.3d 529, 532 (7th Cir. 2004) ("Simply put, the *Rooker-Feldman* doctrine precludes

lower federal court jurisdiction over claims seeking review of state court judgments … [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.") (internal quotation omitted). "It is settled that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of civil rights action." *Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir. 1993) (internal quotation omitted).

No matter how the plaintiff has framed his complaint, it is plain that he seeks a reversal of a state court judgment. As such, this action cannot proceed in this Court based on the *Rooker-Feldman* doctrine. This Court lacks subject matter jurisdiction.

The plaintiff's "ex parte petition to vacate and stay all prior foreclosure sales and evictions" [dkt. 3] is **denied for lack of jurisdiction.**

### III.  Further Proceedings

For the reasons discussed above, the complaint is **dismissed for lack of subject matter jurisdiction.** The plaintiff shall have **through March 5, 2015,** in which to **show cause** why this action should not be dismissed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: February 5, 2015

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Curtis Godfrey
3127 East 38th Street
Indianapolis, IN 46218